**Roosevelt WOOTEN, Petitioner— Appellant,**

v.

**Roy A. CASTRO, Warden, Respondent— Appellee.**

**No. 03–57201.**
**D.C. No. CV–02–00056–SJO(FMO).**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 10, 2005.

Decided April 7, 2005.

Roosevelt Wooten, Susanville, CA, pro se.

Robison D. Harley, Jr., Santa Ana, CA, for Petitioner–Appellant.

Warren P. Robinson, AGCA—Office of the California Attorney General (San Diego), San Diego, CA, for Respondent–Appellee.

Before LEAVY, GRABER, and CALLAHAN, Circuit Judges.

### MEMORANDUM *

California state prisoner Roosevelt Wooten appeals the district court's denial of his habeas corpus petition brought under 28 U.S.C. § 2241, as limited by 28 U.S.C. § 2254, challenging his jury trial convictions of attempted murder, assault, and burglary. We have jurisdiction under 28 U.S.C. § 2253 and, after de novo review, we affirm.

Wooten contends that the prosecutor exercised a peremptory challenge to remove one African–American potential juror, Robert Smith, in a racially discriminatory manner in violation of the Equal Protection Clause. *See Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).[1] "Where a defendant asserts that a prosecutor's peremptory challenges were racially-motivated, a court must apply a three-step process for evaluating a *Batson* claim." *Collins v. Rice,* 365 F.3d 667, 677 (9th Cir.), *petition for cert. filed,* 73

U.S.L.W. 3076 (July 7, 2004) (No. 04–52). The first step, the defendant's prima facie showing that the prosecutor exercised a peremptory challenge because of race, is not at issue in this appeal. *See Hernandez v. New York,* 500 U.S. 352, 359, 111 S.Ct. 1859, 114 L.Ed.2d 395 (1991).

In the second step of the *Batson* analysis, the burden "shifts to the State to come forward with a neutral explanation" for the challenge. *Batson,* 476 U.S. at 97. Here, the prosecutor's first explanation for removing Smith was rejected by the trial court because it had no basis in the record. The prosecutor's second explanation was Smith's appearance. The California Court of Appeal adopted the trial court's finding that this reason was race-neutral. Nonetheless, as noted by the district court, certain parts of the description of Smith's appearance could arguably be seen as "proxies" for describing young African–American males.

■ The description of Smith's appearance, however, is not "peculiar" to his race. *Purkett v. Elem,* 514 U.S. 765, 769, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (per curiam) (finding race-neutral an explanation that African–American juror was struck because he had long, curly, unkempt hair, a mustache, and beard); *Collins,* 365 F.3d at 678 (youthful age and demeanor "not characteristics peculiar to a given race or 'group-based presuppositions applicable in all criminal trials'" to African–American jurors (quoting *United States v. Bishop,* 959 F.2d 820, 825 (9th

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The Certificate of Appealability issued by this court frames the issue as "whether the jury selection procedures in defendant's case violated the Equal Protection Clause." While Wooten's opening brief restates this as the

issue presented, he makes an argument only with regard to prospective juror Smith. Because Wooten made no argument in his opening brief regarding the prosecutor's exercise of peremptory challenges to remove other African–American potential jurors, he has waived those issues on appeal. *See United States v. Kama,* 394 F.3d 1236, 1238 (9th Cir.2005).

Cir.1992))). Thus, while the appearance-related criteria used by the prosecutor to strike Smith may disproportionately apply to young, African–American males, it is race-neutral because it is not unique to this group. *See Purkett*, 514 U.S. at 769.[2]

The third step of the *Batson* inquiry requires the trial court to determine "whether the defendant has carried his burden of proving purposeful discrimination." *Hernandez*, 500 U.S. at 359. Here, after the prosecutor explained her reason for the peremptory challenge, the trial court stated, "the explanation offered with respect to Mr. Smith is not overly compelling, but I can't, in all intellectual honesty, conclude that his exclusion is based upon his race." The state court of appeal examined the trial court's ruling and concluded that it had made a "sincere and reasoned effort" to evaluate the prosecutor's reasons and had found them both "genuine and race-neutral." While the state trial and appellate courts' analysis of the prosecutor's credibility may not have been exhaustive, it was sufficient. Moreover, in response to the trial court's admonition: "If you're going to be excusing Mr. Smith you better have a very good reason for it," the prosecutor explained: "I'm going to dismiss Mr. Smith who will then be replaced by (JUROR NO. 4)[3] who's a black juror." Therefore, the California courts reasonably determined the facts and applied federal law in holding that the prosecutor's proffered reason for striking Smith was race-neutral and that the prosecutor did not engage in purposeful discrimination in using a peremptory challenge to remove Smith from the jury panel.

2. The *Batson* requirement that the prosecutor's reason be related to the particular case to be tried was eliminated in *Purkett*, 514 U.S. at 769.

The district court's denial of Wooten's habeas corpus petition is AFFIRMED.

3. The transcript shields the identities of the empaneled jurors.

